UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**Royal Indemnity Company and Royal Insurance Company of America,**

                       **Plaintiffs,**

              -v-                                  5:03-CV-999

**Pankajbhai S. Patel, Pritiben P. Patel, Individually and as the Natural Parent and Guardian of P.P., and P.P.,**

                       **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Bond, Schoeneck & King, P.L.L.C.
H. J. Hubert, Esq., of Counsel
Suzanne O. Galbato, Esq., of Counsel
One Lincoln Center
Syracuse, New York 13202-1355
Attorneys for Plaintiffs

Smith, Sovik, Kendrick & Sugnet, P.C.
Steven W. Williams, Esq., of Counsel
Gabrielle M. Hope, Esq., of Counsel
250 South Clinton Street
Suite 600
Syracuse, New York 13202-1252
Attorneys for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

Presently before the Court is defendants' motion for reconsideration (Dkt. No. 45) of this Court's Memorandum-Decision and Order (Dkt. No. 43) determining the parties' cross motions for summary judgment in this action for a declaratory judgment determining plaintiffs' obligations under a homeowners insurance policy and an umbrella policy issued to Pankajbhai S.

Patel and his wife Pritiben P. Patel.  In its Memorandum-Decision and Order, this Court denied defendants' motion for summary judgment, granted plaintiffs' motion for summary judgment, and declared that the homeowners and umbrella policies in issue do not obligate plaintiffs to indemnify defendants in connection with certain subrogation actions brought against defendants by St. Paul Insurance Company and Vermont Mutual Insurance Company.

A court may grant reconsideration of a judgment or interlocutory order to afford such relief as justice requires, based on an intervening change in controlling law, the availability of previously unavailable evidence, or the need to correct a clear error of law or prevent manifest injustice.  *See Doe v. New York City Dep't of Social Servs.*, 709 F.2d 782, 789 (2d Cir. 1983); 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4478, at 790 (1981).  Local Rule 7.1 (g) implements this power.  A motion for reconsideration is not an opportunity to reargue that which was previously decided.  *See, e.g., American Civil Liberties Union v. Department of Defense*, 396 F.Supp.2d 459, 461 (S.D.N.Y. 2005)

The motion to reconsider lacks merit.  In its Memorandum-Decision and Order, the Court expressly discussed and decided the very issues which movants now raise.  Movants make no showing of an intervening change in controlling law or the availability of previously unavailable evidence.  Rather, they contend that there is a need to correct a clear error of law and prevent manifest injustice.  This contention is based on their disagreement with this Court's rulings.  Such is not a proper basis for reconsideration.  Defendants have not persuaded the Court that the previous rulings are incorrect or unjust.

On the motion to reconsider, defendants also raise an issue not previously raised, *i.e.*, that the Court erred in considering the affidavit of Mark Bowsher submitted by plaintiffs in support of

their summary judgment motion.  In their papers in opposition to plaintiffs' summary judgment motion, defendants did not object to this affidavit, nor did they seek additional time for discovery under Fed. R. Civ. P. 56(f).  A party's failure to seek discovery under Rule 56(f) before responding to a summary judgment motion is "itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate."  *New York State Teamsters Conf. Pension and Ret. Fund v. Express Servs., Inc.*, 426 F.3d 640, 648 (2d Cir. 2005) (citation omitted).

Accordingly, it is

ORDERED that the motion (Dkt. No. 45) by defendants for reconsideration of the Memorandum-Decision and Order (Dkt. No. 43) is denied.

IT IS SO ORDERED.

August 7, 2007
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge

-3-